J-S66012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TRAVIS LAMONT BRYANT | |
| Appellant | No. 44 MDA 2016 |

Appeal from the PCRA Order December 16, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003510-2010

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                **FILED DECEMBER 13, 2016**

Travis Lamont Bryant appeals from the December 16, 2014 order denying his first PCRA petition.  We affirm.

The facts underlying Appellant's convictions are as follows.  On April 24, 2014, Appellant and another individual entered a liquor store located in East York.  While brandishing firearms, Appellant and his conspirator threatened, shoved, and grabbed store employees and customers as they took $679.51 from the store.  A witness observed the getaway vehicle leaving the area, and police apprehended the suspects shortly thereafter.

Based on the foregoing, Appellant was charged with six counts of robbery and one count of criminal conspiracy to commit robbery.  Following a jury trial, the court dismissed two counts of robbery and Appellant was

convicted of the remaining robbery offenses and conspiracy. The court initially imposed a sentence of forty to eighty years incarceration, which was subsequently amended to thirty-four to sixty-eight years incarceration. The court denied Appellant's post-sentence motion, and he timely appealed to this Court. On December 17, 2012, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Bryant*, 64 A.3d 23 (Pa.Super. 2012) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal on July 16, 2013. *Commonwealth v. Bryant*, 69 A.3d 599 (Pa. 2013).

Appellant filed a timely PCRA petition on November 7, 2013. The trial court appointed counsel, and counsel subsequently filed a motion to withdraw as counsel and accompanying *Turner*/*Finley*[1] letter on January 22, 2014. On June 3, 2014, the trial court granted PCRA counsel's motion to withdraw and filed a Rule 907 notice of intent to dismiss Appellant's PCRA petition. Prior to the court's order dismissing the petition, Appellant, acting *pro se*, filed a second PCRA petition on October 15, 2014. The trial court then filed an order denying Appellant's PCRA petition on December 16, 2014. Appellant filed a timely notice of appeal from that order on January 12, 2015. The appeal was not processed because the York County Clerk of

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Courts notified Appellant that the notice lacked certain documents, and Appellant failed to supply those documents.

On November 9, 2015, Appellant filed a motion with the trial court requesting the appointment of counsel to amend his first PCRA petition or, alternatively, an entry of an order resolving that petition. On December 3, 2015, the trial court denied Appellant's motion and indicated that Appellant's first PCRA petition had been denied by the order filed on December 16, 2014. On January 5, 2016, Appellant again appealed the December 16, 2014 order denying his first PCRA petition. After Appellant complied with the court's directive to file a Rule 1925(b) concise statement of matters complained of on appeal, the court authored its Rule 1925(a) opinion.

Appellant raises one question for our review: "Does the record support the finding of the PCRA court that it denied Appellant's November 7, 2013 PCRA Petition and not Appellant's October 15, 2014 PCRA Petition." Appellant's brief at unnumbered 2.

As it implicates our jurisdiction, we first determine whether this appeal is properly before us. Appellant filed a timely notice of appeal of the December 16, 2014 order on January 12, 2015. Under the rules of appellate procedure, the filing of a timely notice of appeal alone perfected the appeal. *See* Pa.R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for

- 3 -

appeal)"). The York Clerk of Courts erred in requiring Appellant to file additional documents prior to transmitting his notice of appeal to this Court. *See Commonwealth v. Williams*, 106 A.3d 583 (Pa. 2014) ("The clerk of courts, therefore, lacks the authority to reject, as defective, a timely notice of appeal. To hold otherwise would repudiate the directive of Rule 902 that a timely notice of appeal is self-perfecting."). As a result of this breakdown in the court process, we find Appellant's appeal of the December 16, 2014 order properly before us. *Id*. at 181 (finding this Court had jurisdiction over appeal despite clerk of court's failure to accept and time-stamp otherwise timely notice of appeal).

We turn now to the merits of this appeal.[2] When reviewing a court's denial of a PCRA petition, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). Our review is limited to the evidence of record and the factual findings of the PCRA court. *Id*. This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have support in the record."

---

[2] In its brief, the Commonwealth asserts, in part, that Appellant failed to preserve his issue for failure to respond to the PCRA Court's Rule 907 notice of intent to dismiss. We note that, pursuant to *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), a defendant waives **only** a challenge to PCRA counsel's effective assistance of counsel by failing to raise the issue in a timely response to a Rule 907 notice of intent to dismiss.

*Id*. Thus, when a PCRA court's ruling is free of legal error and is supported by the evidence, we will not disturb its decision." *Id*.

Appellant contends that the December 16, 2014 order does not specify whether it dismissed Appellant's first or second PCRA petition.[3] He asserts that, since it is "highly unlikely that [the PCRA court] would have taken from June 3, 2014 (when he issued his 907 notice advising [Appellant] that his petition was going to be dismissed)" until December 16, 2014 to dismiss the petition, the December 16, 2014 order was actually intended to dismiss Appellant's second PCRA petition, filed on October 15, 2014. Hence, Appellant concludes that his first PCRA petition remained pending before the court after entry of the December 16, 2014 order.

In its December 3, 2015 order denying Appellant's motion, and its subsequent Rule 1925(a) opinion, the PCRA court found that Appellant's first PCRA petition was dismissed by the order filed on December 16, 2014. The court noted that it sent Appellant a Rule 907 notice of intent to dismiss his petition on June 3, 2014, when the first PCRA petition was the only petition before the court. It then asserted that a cover letter sent along with the

---

[3] Appellant's Rule 1925(b) statement of errors complained of on appeal was limited to this contention alone, and does not seek to contest the basis of the PCRA court's dismissal of his first PCRA petition on any grounds. Nevertheless, the PCRA court addressed the merits of Appellant's first PCRA petition in its Rule 1925(a) opinion. *See* Opinion, 2/23/16, at 2-4. We agree with the PCRA Court's finding that Appellant was not entitled to relief based on the allegations contained in his first PCRA petition.

December 16, 2014 order specifically referenced the Rule 907 notice issued on June 3, 2014, and accordingly, the order was clearly intended to deny Appellant's first PCRA petition. We agree.

Upon review of the certified record, the December 16, 2014 order denying PCRA relief contained a cover letter specifically referencing the June 3, 2014 Rule 907 notice of intent to dismiss. As this notice pertained only to Appellant's first PCRA petition, the court's order was unquestionably intended to deny that petition. The PCRA court did not commit legal error in concluding that Appellant's first PCRA petition was resolved on December 16, 2014, and thereafter refusing Appellant's efforts to resurrect that petition by seeking new counsel to amend it. Hence, Appellant is not entitled to relief.

We note that, contrary to Appellant's averments, the December 16, 2014 order did not resolve Appellant's second PCRA petition filed on October 15, 2014. Pursuant to our holding in **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa.Super. 2000), the PCRA court did not have authority to act on Appellant's second petition during the pendency of this appeal. Thus, the disposition of that petition is left for the PCRA court to take action as it deems appropriate upon resolution of this matter before the highest court in which review is sought, or upon the expiration of the time to seek such review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016